IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. LESTER,<br><br>　　　　　　Plaintiff,<br>　　v.<br>HON. NORMAN Y. MINETA, et al.,<br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 04-3074 SI<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS ARNOLD AND BETTIS** |

On December 21, 2005, defendants Adrien Arnold and Jerome Bettis filed a motion to dismiss plaintiff's Third, Fourth and Fifth Counts against them. The matter has been fully briefed and the Court deems it appropriate for submission without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby GRANTS defendant's motion, with leave to amend the Fourth and Fifth Counts, for the reasons set forth below. The hearing set for February 24, 2006 at 9:00 a.m. is hereby VACATED.

**BACKGROUND**

In 1995, plaintiff Christina Lester began working as an Air Traffic Control Specialist for the Federal Aviation Administration ("FAA"), within the United States Department of Transportation ("DOT"). Plaintiff's Corrected First Amended Complaint ("FAC"), ¶11. In May 2002, plaintiff learned that a co-worker had downloaded nude photos of her from the Internet and distributed them at work. FAC, ¶¶13-17. Plaintiff alleges that managers failed to conduct an appropriate investigation of sexual harassment and failed to take remedial action, desiring to conceal the incident. FAC, ¶23-25. Plaintiff was removed from her position on June 18, 2003, based on her alleged "failure to maintain a current

medical clearance." FAC, ¶49.

Plaintiff alleges that defendants Adrian Arnold and Jerome Bettis, investigators from the DOT's Departmental Office of Civil Rights ("DOCR"), grossly mishandled her third EEO complaint regarding her removal.[1] FAC, ¶52. Among many other allegations, plaintiff alleges that Arnold committed or oversaw the following: sending three different acknowledgment letters regarding her complaint within a period of five days with conflicting case numbers and information, ignoring her written requests to amend her complaint to include her removal, and waiting for five months before informing plaintiff that none of her claims had been accepted for investigation. FAC, ¶52(a)-(j). Plaintiff alleges she forwarded a copy of a letter to Bettis, Arnold's successor as Regional DOCR Director, who never responded. FAC, ¶52(k).

Defendants Arnold and Bettis were added as defendants in this case on August 22, 2005, after plaintiff exhausted all administrative remedy requirements. FAC, ¶1-2.[2] Plaintiff claims in her Third Count that defendants Arnold and Bettis violated 42 U.S.C. § 1983, depriving her of her constitutionally and federal-statutorily protected civil rights, including: (1) her 5th Amendment right to due process before being deprived of property, i.e., her federal position and the benefits of that position; (2) her right to a workplace free of discrimination and harassment pursuant to 42 U.S.C. 2000e and 29 U.S.C. 791 ("Title VII"); and (3) her right to the full benefit of the Federal Sector EEO Program. FAC, ¶ 87. Plaintiff claims in her Fourth Count that Arnold and Bettis violated 42 U.S.C. § 1985(3), engaging in a conspiracy to deprive her of her civil rights, to deny her equal protection of the laws, and to prevent her from having the full benefit of a full and fair investigation process on her three EEO complaints. FAC, ¶¶94-96. Lastly, plaintiff claims in her Fifth Count that Arnold and Bettis violated 42 U.S.C. § 1986, having been aware of the conspiracy to deprive her of her civil rights and to deny her equal protection of the laws, having had the power and authority to stop the conspiracy, but failing to do so.

---

[1] Plaintiff alleges she filed a total of three EEO complaints. FAC, ¶¶51-52, 53.

[2] Three other individual defendants were also added in the FAC. Those defendants – Messrs. Barclay, Park and Clancy, were voluntarily dismissed by plaintiff on October 31, 2005.

2

FAC, ¶¶103-104.

Defendants Arnold and Bettis now move to dismiss plaintiff's claims against them. They argue that they have qualified immunity, that plaintiff has failed to state a civil rights conspiracy under § 1985(3), and that she has also failed to allege a cause of action under § 1986.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. A motion to dismiss will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Financial Corp v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986); *cert. denied*, 479 U.S. 1064 (1987). The party moving for dismissal has the burden of proving that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied,* 501 U.S. 1222 (1991) (party moving for dismissal has the burden of persuasion). The Court assumes that plaintiff's factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**1.    Motion to dismiss Count 3 – 42 U.S.C. § 1983**

Plaintiff claims that defendants Arnold and Bettis, employees of the DOT, deprived her of her constitutionally and federal-statutorily protected civil rights in violation of 42 U.S.C. § 1983, by

3

mishandling her third EEO complaint. FAC, ¶52 and ¶87. Defendants argue that plaintiff has failed to state a claim under § 1983, because § 1983 only applies to state officials. Defs. Reply, 2.

Defendants are correct that Section 1983 only entitles plaintiffs to relief against state actors, not federal actors. *Del Elmer v. Metzger,* 967 F. Supp. 398, 401 (C.D. Cal. 1997) (plaintiff cannot maintain a § 1983 suit against a federal official); *Soldevila v. Secretary of Agriculture of the United States,* 512 F.2d 427, 429 (1st Cir. 1975) ("[N]o action under § 1983 lies against *federal* officials acting pursuant to federal law."). Federal officials may, however, be sued directly under provisions of the Constitution, subject only to doctrines of immunity. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

As employees of the DOT, defendants are not state actors, but federal actors. Thus, plaintiff cannot maintain a § 1983 action against them. Even if the Court construes plaintiff's § 1983 claim as a *Bivens* claim, the Court finds that plaintiff's claim fails. "*Bivens* defendants are federal officials brought into federal court for violating the *Federal Constitution*." *Carlson v. Green,* 446 U.S. 14, 25 n.11 (1980) (emphasis supplied). Plaintiff concedes that she has no constitutionally-protected due process rights in her § 1983 claim, but argues she has rights protected by federal statutes and regulations. Plaintiff's Opposition, 3. However, the Ninth Circuit in *Bothke v. Fluor Engineers & Constructors, Inc.,* 834 F.2d 804, 808 (9th Cir. 1987), limited *Bivens*-type claims to constitutional, not statutory, rights. In *Bothke*, the appellate court found that the lower court's qualified immunity analysis was flawed because it looked to see if a federal agent had violated plaintiff's statutory rights in the *Bivens* context. The correct inquiry, according to the appellate court, was whether plaintiff's constitutional rights had been violated. *Id.*

The Court therefore GRANTS defendants' motion to dismiss plaintiff's claim under 42 U.S.C. § 1983.

**2.      Motion to dismiss Counts 4 and 5 – 42 U.S.C. § 1985(3) and § 1986**

Plaintiff alleges that Arnold and Bettis engaged in a conspiracy, and also failed to stop a

4

conspiracy, to deprive her of her civil rights, to deny her equal protection of the laws, and to prevent her from having the benefit of a full and fair investigation process on her EEO complaints in violation of 42 U.S.C. § 1985(3). FAC, ¶¶94-96.

Defendants argue that plaintiff cannot state a civil rights conspiracy claim under § 1985(3) because the intra-corporate conspiracy doctrine bars her conspiracy claim, and that in any event she has failed to plead facts sufficient to make out such a claim.

Section 1985(3) applies only to conduct resulting from racial or other class-based invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971). A plaintiff must allege four elements under § 1985(3) to establish a prima facie case: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See* 42 U.S.C. § 1985(3). Additionally, "the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by some racial, or [ ] otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). A complaint that contains vague, conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy, will not survive a motion to dismiss under § 1985(3).

Defendants contend that the intra-corporate conspiracy doctrine forecloses plaintiff's civil rights conspiracy claim, as the defendants are all DOT employees. The intra-corporate conspiracy doctrine was first developed in the antitrust context, and precludes a corporation from being charged with conspiracy to violate antitrust laws "when it exercises its rights through its officers and agents, which is the only medium through which it can possibly act." *Nelson Radio & Supply Co. v. Motorola*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953). The Ninth Circuit has not decided whether this doctrine extends to civil rights cases. *See Mustafa v. Clark County School Dist.*, 157 F.3d

5

1169, 1181 (9th Cir. 1998) (in employment discrimination claim, court declined to address whether individual members of single governmental entity can form conspiracy); *Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993) (acknowledging that the court has never directly addressed whether individual members of a government entity can form a conspiracy).  Other circuits are split on the question of whether the doctrine applies to governmental entities in the context of § 1985. *See Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993) (discussing the split in the circuits).

Assuming, without deciding, that the intra-corporate conspiracy doctrine would not apply in the civil rights/§ 1985 context, the current pleading must nevertheless be dismissed because plaintiff fails to plead any specifications of the alleged agreement forming the conspiracy.  Plaintiff seeks leave to amend, and such leave is granted.  The Court is skeptical that plaintiff will be able to prove her latest proposed set of claims (that defendants conspired with U.S. Postal Service employees "to manipulate the U.S. mail as part of a plan to mislead [plaintiff] about her appeals rights and sabotage her EEO complaint"), but leave to amend is granted.

The Court GRANTS defendants' motion to dismiss Counts 4 and 5, with leave to amend.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the motion to dismiss plaintiff's claim under § 1983 without leave to amend; and GRANTS the motion to dismiss plaintiff's claims under § 1985(3) and § 1986 with leave to amend.  **Any amended complaint must be filed on or before March 3, 2006.** [Docket #42.]

**IT IS SO ORDERED.**

Dated: February 23, 2006

SUSAN ILLSTON
United States District Judge