```
KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-7241
    Facsimile:  (415) 436-6748
    Email: owen.martikan@usdoj.gov

Attorneys for defendants USA and DOT
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINA M. LESTER,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES SILK, the UNITED STATES OF AMERICA, and NORMAN Y. MINETA, Secretary of the U.S. Department of Transportation,<br><br>    Defendants. | No. C 04-3074 SI<br>**E-FILING CASE**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

  Subject to the approval of this Court, plaintiff Christina Lester and defendants James Silk, the United States of America, and Norman Mineta, in his official capacity as Secretary of the U.S. Department of Transportation, by and through their undersigned counsel, hereby stipulate to the following protective order:

  WHEREAS, the parties agree that entry of the following protective order is necessary to: (1) facilitate discovery of information without a document-by-document controversy concerning confidentiality; (2) protect plaintiffs, defendants, the U.S. Department of Transportation, and the United States of America from undue annoyance, embarrassment, oppression, burden, and expense resulting from public disclosure or use for purposes other than this litigation of confidential

information that the parties will disclose in discovery; and (3) avoid violation of the Privacy Act as codified at 5 U.S.C. § 522a.

THEREFORE, the parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

## **STIPULATED ORDER**

All medical records or other personal or private documents obtained from plaintiffs or defendants and all personnel and training documents or materials of the U.S. Department of Transportation, the United States of America, or any agent or employee thereof obtained from defendants, or any document marked "Confidential" by either party (collectively, "Documents"), whether produced in response to discovery requests or other disclosures under the Federal Rules of Civil Procedure, are subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed or provided to anyone other than (a) plaintiffs' attorneys and staff; (b) defendants' attorneys and staff; (c) the parties; (d) actual or potential third-party witnesses and their attorneys; (e) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (f) the Court in further proceedings herein; (g) stenographic deposition reporters for purposes of depositions in this action; and (h) other persons whom the parties mutually agree upon in writing.

3. There shall be no reproduction of the Documents except as required by the litigation. Copies, excerpts, or summaries of the Documents may be shown to those authorized in Paragraph 2 for purposes of their involvement in this case.

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the parties' attorneys of record during the pendency of the litigation.

5. Within 30 days of the termination of this proceeding and the expiration of all time for appeal, all of the Documents, including copies, extracts or summaries thereof, shall be destroyed or returned to counsel for the producing party. Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each pleading and other document filed

1 with the Court that contains any of the Documents covered by this Order. Furthermore, nothing in
2 this paragraph shall be construed to require the parties' attorneys to turn over any attorney work-
3 product.

4     6. Any filings with the Court that include any of the Documents, or any excerpts or
5 summaries of the Documents, or any description of the contents of the Documents, shall be filed
6 under seal in accordance with the Local Rules of this District.

7     7. This Stipulated Protective Order is without prejudice to the right of any party to seek
8 modification of it from the Court. It shall remain in effect until such time as it is modified,
9 amended or rescinded by the Court and shall survive termination of this action. The Court shall
10 have continuing jurisdiction to modify, amend, or rescind this Stipulated Protective Order
11 notwithstanding the termination of this action.

12 **SO STIPULATED.**

14 DATED: June 23, 2006                                      Respectfully submitted,

15                                                    KEVIN V. RYAN
16                                                    United States Attorney

18                                         _____/s/_____
                                          OWEN P. MARTIKAN
19                                           Assistant United States Attorney
                                          Attorneys for Defendants USA and DOT

21 DATED: June 23, 2006                                      LAW OFFICES OF ROBERT E. GREELEY

24                                           _____/s/_____
                                          ROBERT E. GREELEY
                                          Attorney for Plaintiff

| | | |
|---|---|---|
| 1 | DATED: June 23, 2006 | LAW OFFICES OF CRAIG S. FOX |
| 2 | | |
| 3 | | ____/s/_____ |
| 4 | | CRAIG S. FOX<br>Attorney for Defendant James Silk |
| 5 | | |
| 6 | **APPROVED AND SO ORDERED**. | |
| 7 | | |
| 8 | DATED: _____ | |
| 9 | | SUSAN ILLSTON<br>United States District Judge |

[PROPOSED] STIPULATED PROTECTIVE ORDER
DOCKET NO. C 04-3074 SI         4