IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. LESTER, | No. C 04-03074 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| NORMAN Y. MINETA, et al., | |
| Defendants. | |

Now before the Court is a discovery dispute in this matter. Plaintiff Christina Lester seeks to compel the Federal Aviation Administration ("FAA") to respond to a number of her discovery requests. Having carefully considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion.

**DISCUSSION**

Plaintiff, a former air traffic control specialist in the FAA, filed this action on July 28, 2004. Her second amended complaint alleges that she was sexually harassed, retaliated against for complaining about the sexual harassment, and subjected to both gender and disability discrimination. In January 2006, plaintiff served the FAA with a number of document requests. On July 18, 2006, plaintiff filed this motion to compel, complaining that the FAA had not yet responded to a number of those requests.

Although it is not clear from the parties' letter briefs, it appears that the FAA produced a number of documents to plaintiff after she filed her motion to compel. Plaintiff, however, has not filed a reply brief, so it is not entirely clear which document requests remain in dispute. Although a number of

disputes appear to have been resolved,[1] the parties' briefs suggest that the following disputes remain.

**1.      Request No. 6**

Request No. 6 seeks "all documents which REFER or RELATE to PLAINTIFF sent or received after March 31, 2002 by EMPLOYEES assigned to the FACILITY." After plaintiff filed her letter brief, the FAA produced a number of documents in response to this request. The FAA did not produce all responsive documents, however, because it maintains that a search of its computer servers is not feasible. Nonetheless, the documents subject to this request are highly relevant to plaintiff's claims. Thus, if plaintiff finds the FAA's production incomplete, the parties must meet and confer to arrive at an alternative method of discovering relevant electronic files. For example, if plaintiff can limit her request to a small number of individuals who she believes are likely to be in possession of relevant documents, the FAA may be able to search those individuals' computer files for responsive documents.

**2.      Request No. 18**

Request No. 18 seeks "vacancy announcements and DOCUMENTS supporting selections for vacancies pursued by PLAINTIFF." Plaintiff complains that she has not received vacancy announcements for three specific positions for which she applied. The FAA, however, has indicated that it intends to produce the documents plaintiff requests, but is waiting for those documents to be retrieved from its archives in Washington, D.C. Accordingly, plaintiff's motion is DENIED as to Request No. 18.

**3.      Request No. 26**

Request No. 26 seeks "DOCUMENTS which REFER or RELATE to Wayne Bridges' obtaining a supervisory position in 2002." Plaintiff complains only that she has not received Bridges' acceptance letter. The FAA, however, argues that it has not found any such letter, and that one may not exist. The Court agrees with the FAA that the minimal relevance of Bridges' acceptance letter, if it exists, is not

---

[1] The FAA has indicated that it has produced the documents requested by Request Nos. 21, 22, 23, and 24. Those requests are therefore not discussed below.

worth the burden associated with searching for it. Accordingly, plaintiff's motion is DENIED as to Request No. 26.

**4.     Request No. 27**

Request No. 27 seeks "DOCUMENTS which REFER or RELATE to Alan Mills' obtaining a staff specialist position in 2002." The FAA has produced some documents in response to this request, but has not produced documents associated with the vacancy announcement for the position. The FAA maintains that it cannot produce such documents because its files are organized by vacancy number, not employee name, and that it therefore has no way of locating the files related to the vacancy that Mills filled. Accordingly, because neither party is aware of the vacancy number, plaintiff's motion is DENIED as to Request No. 27.

**5.     Request No. 28**

Request No. 28 seeks "DOCUMENTS . . . which REFER or RELATE to the following FAA EMPLOYEES being placed into staff positions upon losing their medical clearance: Ron Aquilina, Jerry Audiat, Ben Cosma, Dan Freeman, Barbara Ohlinger, Conrad Overstrom, and Cesar Ramirez." The FAA argues that the listed employees did not "lose" their medical clearance, but gave up their medical clearance after they transferred into positions for which it was no longer required. Thus, for each employee, the FAA has produced only an "SF-50" form – a form that is created when an employee is transferred from one position to another. Plaintiff has not made any showing that other relevant documents should exist for the named employees. Accordingly, her motion to compel is DENIED as to Request No. 28.

**6.     Request No. 34**

Request No. 34 seeks "DOCUMENTS which REFER or RELATE to sex discrimination, sexual harassment, disability discrimination, disability harassment, and/or retaliation issues raised by FAA EMPLOYEES, between 1996 and the present." The parties agreed that the FAA would first produce "case names and case numbers, resolutions, and dates of resolution" and that plaintiff would later

3

specify those case numbers for which she wanted additional documents. The FAA has since produced a spreadsheet identifying approximately 600 complaints made by FAA EMPLOYEES, but plaintiff has not yet specified those cases for which she wants additional documents. Accordingly, plaintiff's motion is DENIED as to Request No. 34.

**7.     Request No. 35**

Request No. 35 seeks "DOCUMENTS which REFER or RELATE to the DEFENDANT's exercise of reasonable care to prevent and correct promptly any sexually harassing behavior since January 1, 1996." The FAA has produced the its sexual harassment policies and procedures, training materials, and information regarding its Accountability Board, which was established to prevent and correct sexually harassing behavior. The Court agrees with the FAA that the additional information requested by this fairly vague request is far too broad to justify the substantial burden a search would impose, even if narrowed to the Western Region of the FAA. Accordingly, plaintiff's motion is DENIED as to Request No. 35.

**8.     Request No. 36**

Request No. 36 seeks documents reflecting twelve categories of historical information for each FAA employee, including each employee's position, qualifications, date of hire, gender, disability, disciplinary records, location, promotions, medical clearance status, performance and merit reviews, last date of employment, and the reason for their departure, if applicable. The request seeks this information for every year dating back to January 1, 1996. The FAA has refused to respond to this request, claiming that it will result in the production of private information for tens of thousands of FAA employees.

The Court agrees with the FAA that plaintiff's request is too broad. Plaintiff is correct that statistical evidence of hiring and promotion practices may be used in support of a claim of sex discrimination. *See, e.g.*, *Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005) ("In a case in which the plaintiff has alleged that his employer has engaged in a 'pattern or practice' of discrimination, statistical data is relevant because it can be used to establish a general discriminatory pattern in an employer's hiring or promotion practices.") (internal quotation marks and alterations omitted). Plaintiff's request,

4

however, is so broad that any statistical analysis will be too diluted to be particularly probative. Indeed, plaintiff seeks personnel information for every FAA employee, regardless of whether they worked in the same location or applied for the same level position. The request is simply too broad to justify the substantial burden it will impose on the FAA. The parties must therefore meet and confer to determine if there is a more appropriate sample that will provide plaintiff with the data she needs without subjecting the FAA to such a large burden.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to compel.

**IT IS SO ORDERED.**

Dated: August 8, 2006

SUSAN ILLSTON
United States District Judge