IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. LESTER,<br><br>    Plaintiff,<br><br>    v.<br><br>NORMAN MINETA, et al.,<br><br>    Defendants.<br>_____ / | No. C 04-03074 SI<br><br>**ORDER RE:  DISCOVERY** |

Via letter briefs, the parties seek resolution of two discovery disputes.  First, plaintiff Christina Lester seeks an order compelling defendants, Norman Mineta, et al., to re-answer Interrogatory #13 of plaintiff's Third Set of Interrogatories.  Along with their reply to plaintiff's letter brief, defendants provide a lengthy answer to Interrogatory #13.  The Court therefore DENIES plaintiff's request as moot.

Second, defendants seek an order pursuant to Federal Rule of Civil Procedure 35 allowing defendants to conduct a psychological independent medical examination ("IME"), and a separate psychiatric IME, of plaintiff.  According to defendants, each exam would take 4-6 hours.

Federal Rule of Civil Procedure 35(a) gives a court authority to order one party to comply with the other's legitimate discovery request to submit to a physical or mental examination by a suitably licensed examiner.  The party moving for physical or mental examination must meet two requirements: (1) the physical or mental condition of the party must be "in controversy" and (2) "good cause" for examination must be established.  *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995).  "'Good cause' for a mental examination requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case."  *Id.* at 609.  It is

within the broad discretion of the district court to determine whether a party must submit to examination. *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996).

Defendants first requested that plaintiff submit to psychological and psychiatric exams on October 25, 2006. Over the course of the following month, counsel for the parties engaged in a series of letters, e-mails, and phone calls regarding the nature, scope, and appropriateness of the exams. As of November 28, 2006, plaintiff appeared prepared to stipulate to the exams, on the condition that the psychological exam would take no longer than 3-5 hours, and that the psychiatric exam would take no longer than 3 hours. *See* Defs' Ex. D (e-mail from Robert Greeley to Owen Martikan, November 28, 2006). Defendants' last position during this meet and confer process appears to be that the psychological exam would take 3-5 hours, and the psychiatric exam would take 4-6 hours. *See id.* (e-mail from Martikan to Greeley, November 27, 2006). Thus the only disagreement between the parties appears to be over the length of the psychiatric exam. Nonetheless, in the letter briefs filed with the Court, the parties start from scratch, disputing every aspect of the proposed exams.

Plaintiff first argues that defendants' motion is untimely. The non-expert discovery cut-off was November 22, 2006, and the expert discovery cutoff is March 23, 2007. Expert witnesses must be designated, and expert reports delivered, by December 21, 2006. Plaintiff argues that the proposed Rule 35 exams should be considered non-expert discovery, and therefore should have been completed before November 22, 2006. The Court disagrees. The local civil rules do not categorize Rule 35 examinations as either "non-expert" or "expert" discovery. *See* Civil L.R. 26-2. Moreover, even if the proposed exams were subject to the non-expert discovery cut-off date, this motion would be timely. Civil Local Rule 26-2 provides that motions to compel may be filed up to 7 court days after the relevant discovery cut-off date. Defendants filed their letter motion on November 29, less than 7 court days after the non-expert discovery cut-off date. Defendants' motion is not untimely.

The first requirement of a Rule 35 exam is that the mental condition of the plaintiff be "in controversy." One of plaintiff's claims in this case is for violation of the Rehabilitation Act. This claim is based on plaintiff's claims that she had an ongoing psychological disability – namely Post Traumatic Stress Disorder (PTSD), anxiety and depression. Plaintiff has sought treatment by both psychiatrists and psychologists for these conditions. Thus plaintiff's mental condition is in controversy in this case.

2

There is also good cause to order Rule 35 examinations in this case; the exams are both reasonable and necessary. Plaintiff first contends that defendants fail to establish that the examinations will enable the experts to opine on plaintiff's mental health during the period at issue. The Court disagrees. In forensic psychological and psychiatric examinations, which are extremely common in legal proceedings of all types, psychologists and psychiatrists use well-established tests and examination techniques to determine the mental health and state of the subject at various points before, during, and after the events at issue. An exam need not be contemporaneous with the events at issue to provide relevant evidence.

Plaintiff also contends that the specific tests proposed by the examining professionals are inappropriate. The Court again disagrees. Both of the proposed examiners have impressive credentials, and significant experience working on cases such as this. *See* Defs' Exs. C, D. The exams they propose appear calculated to enable them to provide comprehensive opinions. The Court, with its limited psychological and psychiatric expertise, will therefore not limit the examiners to conducting certain tests.

Plaintiff next contends that the information sought through the proposed exams is fully available in documents, testimony, and medical records already provided through the discovery process. The Court agrees that the examiners should thoroughly review all available materials relevant to plaintiff's mental health prior to the exams, both as context and to avoid redundant testing. However, the Court is unpersuaded that a comprehensive forensic psychological and psychiatric exam can be pieced together using the scattered information already available.

The Court thus returns to the original issue dividing the parties: the appropriate duration of the exams. Based on Dr. Levy's declaration (Defs' Ex. A) and the final positions of the parties during the meet and confer process, the Court finds that the psychological exam shall last no more than 5 hours, and the psychiatric exam shall last no more than 6 hours. Both exams shall take as soon as possible, based on the parties' availability. Should plaintiff insist that the exams take place near her home, in Sacramento, the parties shall split the examiners' travel costs. Each examiner shall produce a full report within 21 days of the exams; these reports are exempt from the December 21, 2006 expert report deadline. The deadline to file dispositive motions is extended to January 31, 2007.

For the foregoing reasons, the Court GRANTS defendants' Rule 35 motion (Docket No. 83), and

3

DENIES plaintiff's motion to compel (Docket No. 82).

**IT IS SO ORDERED.**

Dated: December 19, 2006

_____
SUSAN ILLSTON
United States District Judge