ROBERT E. GREELEY, Esq. (#194289)
LAW OFFICES OF ROBERT E. GREELEY
31 N. Second Street, Suite 300
San Jose, CA 95113
(408) 277-6800
(408) 993-1121 Fax
Email: robert@robertgreeleylaw.com

PHILLIP J. GRIEGO , Esq. (#76616)
ROBERT E. NUDDLEMAN, Esq. (#190269)
PHILLIP J. GRIEGO & ASSOCIATES
95 South Market Street, Suite 520
San Jose, Ca 95113
(408) 295-6341
(408) 293-1959 Fax
Email: Robert@griegolaw.com

Attorneys for PLAINTIFF Christina M. Lester

*IT IS SO ORDERED*
*Judge Susan Illston*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINA M. LESTER,<br><br>     PLAINTIFF,<br><br>v.<br><br>HON. NORMAN Y. MINETA,<br>SECRETARY OF TRANSPORTATION;<br>JAMES SILK,<br><br>     Defendants. | CASE No. C-04-3074 SI<br>E-FILING CASE<br><br>**PLAINTIFF'S REQUEST TO SUBMIT SUPPLEMENTAL EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: March 30, 2007<br>Hearing Time: 9:00 a.m.<br>Judge: Illston<br><br>Trial Date: May 14, 2007 |

Plaintiff, Christina Lester, requests the court accept the attached declaration of Dr. Edward Allen Schlies filed in opposition to Defendant's Motion for Summary Judgment. Dr. Schlies'

deposition took place on March 14, 2007, one week after Plaintiff's Opposition to Defendant's Motion for Summary Judgment was filed.

During the deposition, counsel for Defendant asked Dr. Schlies about one of the reports he wrote regarding Ms. Lester. In the report Dr. Schlies noted that because of the traumatic memories and disturbed relationships with Ms. Lester's former work setting, he recommended that another site be utilized. Exhibit A to Martikan Declaration in support of Defendant's Reply Brief, 60:16-19. Dr. Schlies explained that it is generally recommended that exposure to a similar but less stressful workplace be utilized in desensitizing a worker who has workplace-related stress disorders. *Id*. 60:20-23.

The attorney asked Dr. Schlies if the confidence building and desensitizing "absolutely could not be done by having [Ms. Lester] work in some different capacity in the same building in Oakland." *Id*. 61:15-18. Dr. Schlies testified that the confidence building and desensitizing could be done in the same building. *Id*. 61:19. Defendant's counsel did not ask Dr. Schlies whether it was medically advisable for Ms. Lester to undergo the desensitizing and confidence building at her prior facility.

The declaration of Dr. Schlies clarifies that while it was not impossible to return Ms. Lester to the same facility, he believed it was not medically advisable for Ms. Lester to return to her prior facility. Dr. Schlies explains that he was concerned that if Ms. Lester returned to the same facility there was a significant chance that she would lose the progress she had gained to date and cause more harm to herself, which is why he recommended to the FAA that Ms. Lester not return to ZOA.

By avoiding the issue of whether it was medically advisable for Ms. Lester to return to the ZOA, Defendant argues that Ms. Lester could have performed administrative duties at ZOA. Dr. Schlies' declaration makes it clear that while it was possible for Ms. Lester to return to ZOA, he did not believe it was medically advisable to do so, which is the opinion he provided to the FAA.

Pltf's Request to Submit Supplemental Evidence in Opp. To Def's MSJ 2

Plaintiff did not have the opportunity to present this evidence in its reply brief because Dr. Schlies was not deposed until after Plaintiff's reply brief was due and the existing evidence clearly established Dr. Schlies recommended Ms. Lester transfer to a different facility. Plaintiff respectfully requests this Court allow Plaintiff to submit the attached declaration in opposition to Defendant's Motion for Summary Judgment.

Dated: March 27, 2007                    Respectfully Submitted,

                PHILLIP J. GRIEGO & ASSOCIATES

                _____/s/_____
                ROBERT E. NUDDLEMAN, ESQ.
                Attorneys for Plaintiff, Christina Lester

# DECLARATION OF DR. SCHLIES

ROBERT E. GREELEY, Esq. (#194289)
LAW OFFICES OF ROBERT E. GREELEY
31 N. Second Street, Suite 300
San Jose, CA 95113
(408) 277-6800
(408) 993-1121 Fax
Email: robert@robertgreeleylaw.com

PHILLIP J. GRIEGO, Esq. (#76616)
ROBERT E. NUDDLEMAN, Esq. (#190269)
PHILLIP J. GRIEGO & ASSOCIATES
95 South Market Street, Suite 500
San Jose, Ca 95113
(408) 295-6341
(408) 293-1959 Fax
Email: Robert@griegolaw.com

Attorneys for PLAINTIFF Christina M. Lester

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINA M. LESTER, <br><br> PLAINTIFF, <br><br> v. <br><br> HON. NORMAN Y. MINETA, SECRETARY OF TRANSPORTATION; JAMES SILK, <br><br> Defendants. | CASE No. C-04-3074 SI <br> E-FILING CASE <br><br> DECLARATION OF EDWARD ALLEN SCHLIES, M.D. IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> Hearing Date: March 30, 2007 <br> Hearing Time: 9:00 a.m. <br> Judge: Illston <br><br> Trial Date: May 14, 2007 |

I, Edward Allen Schlies, MD., declare as follows:

1. I am a Board Certified Psychiatrist since April 1978. I graduated from Loyola University Stritch School of Medicine in Chicago Illinois in June of 1971. I have been licensed to practice medicine in the State of California since April 1977. I have been in private practice in Pleasanton,

Schlies Declaration 1

California since 1977. As a psychiatrist I served in the U.S. Army 1977, as a Staff Psychiatrist and Medical Director at Washington Hospital in Fremont, California, Medical Director of an Addiction Medicine unit at CPC Fremont Hospital, Medical director of Behavioral Health Quest in Pleasanton, Medical Director of Inpatient and Outpatient Psychiatry in Woodland, California. I served as a medical consultant on the Nursing Diversion Program State of California. I am certified by the American Society of Addiction Medicine since 1987.

2. The opinions express in this declaration are based on my observations and formulations in the course of my treatment of Christina Lester. I have reviewed my written progress notes and reports from Christina Lester's medical treatment record, which support the basis of my opinion.

3. On March 14, 2007, I had my deposition taken by an attorney for the Federal Government in the case of Lester v. Mineta, case No. C-04-3074 SI.

4. During the deposition, the attorney asked me about one of the reports I wrote regarding Ms. Lester. In the report I noted that because of the traumatic memories and disturbed relationships with Ms. Lester's former work setting, I recommended that another site be utilized. In other words, that Ms. Lester be allowed to work at a different facility. It is generally recommended that exposure to a similar but less stressful workplace be utilized in desensitizing a worker who has workplace-related stress disorders.

5. The attorney asked me if in my opinion the confidence building and desensitizing absolutely could not be done by having Ms. Lester work in some different capacity in the same building in Oakland. I accurately replied that the confidence building and desensitizing could be done in the same building. The attorney did not ask whether I believed it was medically advisable for Ms. Lester to undergo the desensitizing and confidence building at her prior facility.

6. In my opinion, it was not medically advisable for Ms. Lester to return to her prior facility. Because of the traumatic memories and disturbed relationships with Ms. Lester's former work

Schlies Declaration

2

setting, if Ms. Lester returned to the same facility there was an significant chance that she would lose the progress she had gained to date and cause more harm to herself. That is why I recommended to the FAA that Ms. Lester not return to the same facility.

7. To use an analogy, it is like a person who has had recent shoulder surgery. The patient should undergo a period of physical therapy under controlled circumstances while the patient rebuilds, strengthens and repairs the shoulder muscles. It is possible the patient could immediately return to her job where she would use those muscles on a daily basis, but the patient's recovery will likely be slow and may in fact cause greater harm. Therefore it would not be absolutely impossible for the patient to return to work right away, but it is not medically advisable.

8. The attorney also did not ask me what other modifications would have been necessary to enable Ms. Lester to return to her prior facility. Prior to my deposition on March 14th, I have never spoken with a representative from the FAA regarding Ms. Lester.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this date in Pleasanton, California.

Dated: 3/26/07

By: _____
E. Allen Schlies, MD

Schlies Declaration

3