```
1  SCOTT N. SCHOOLS (SBN SC 9990)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  OWEN P. MARTIKAN (SBN 177104)
   Assistant United States Attorney
4
        450 Golden Gate Avenue, 9th Floor
5       San Francisco, California 94102-3495
        Telephone: (415) 436-7241
6       Facsimile:  (415) 436-6748
        Email: owen.martikan@usdoj.gov
7
   Attorneys for Defendants USA and DOT
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| CHRISTINA M. LESTER, | ) No. C 04-3074 SI |
| --- | --- |
| | ) **E-FILING CASE** |
| Plaintiff, | ) |
| | ) |
| v. | ) **SETTLEMENT AGREEMENT AND FULL** |
| | ) **RELEASE OF ALL CLAIMS AND** |
| NORMAN Y. MINETA, et al., | ) **[PROPOSED] ORDER** |
| | ) |
| Defendants. | ) |

<u>SETTLEMENT AGREEMENT AND FULL RELEASE OF ALL CLAIMS</u>

1.   PARTIES

This Settlement Agreement and Full Release of All Claims ("Agreement") is made and entered into between Plaintiff Christina Lester ("Lester" or "Plaintiff") and Defendant Hon. Norman Y. Mineta, (Former) Secretary of Transportation / Department of Transportation ("DOT") (collectively referred to as the "parties") based on the following:

2.   RECITALS AND CLAIMS

2.1   Lester filed an action for damages and other relief in U.S. District Court for the Northern District of California, entitled Lester v. Mineta, Case No. C-04-3074 (hereinafter referred to as the "Lawsuit").

SETTLEMENT STIPULATION & [PROPOSED] ORDER
DOCKET NO. C 04-3074 SI

2.2     The parties to this Agreement desire to settle, compromise, resolve, and release fully and finally all differences, disagreements, disputes, and claims between them, including those described in, arising out of, or relating to the allegations contained in the Lawsuit. The parties acknowledge that this Agreement will apply to any and all claims the parties have against each other (as defined in paragraphs 3.6 and 3.7 herein) arising from Lester's employment relationship with DOT and the Lawsuit.

3.      SETTLEMENT TERMS

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained and other good and valuable consideration, the parties agree as follows:

3.1     This settlement is a compromise of disputed claims, and shall not be construed as an admission by any party of any liability or responsibility at any time for any purpose. DOT specifically disclaims any wrongdoing, unlawful act, violation of the law, or breach of any standard of care owed Plaintiff whatsoever, and enters into this Agreement to avoid the further costs of litigation.

3.2     DOT shall rehire Lester if she presents all documentation requested by the Regional Flight Surgeon to show that she qualifies medically to be an air traffic controller within 12 months from the date that the Court signs the order on the stipulation to this Agreement, and the Regional Flight Surgeon determines, based on that documentation, that Lester does qualify medically to be an air traffic controller. In order to qualify medically, Lester shall obtain a Class 2 Aviation Medical Certificate from a qualified aviation medical examiner. The Regional Flight Surgeon will make the ultimate decision regarding whether Lester meets FAA medical standards. DOT will make all reasonable efforts to expedite any decisions on Lester's medical qualifica-tions, and will act in good faith. Nothing shall prohibit Lester from making multiple attempts at medical qualification within the 12 month period. If the Regional Flight Surgeon determines that Lester has failed to meet FAA medical standards, the following provisions shall apply:

a.      DOT shall provide in writing to Lester any and all reasons for the failure to qualify, together with any standards or criteria referenced in the reasons cited.

      b.     DOT shall provide in writing to Lester any and all documentation supporting the failure to qualify.

    3.3     If Lester qualifies medically and is rehired, the following terms shall apply to her reinstatement:

      a.     DOT will rehire Lester as an air traffic controller, series AT-2152, and assign her to the Northern California TRACON (NCT) facility.

      b.     Lester will be rehired under the then-applicable laws, rules, regulations, and agreements applying to air traffic controllers AT-2152.

      c.     If any of the laws, rules, regulations, and agreements applying to air traffic controllers AT-2152 under which Lester is rehired change subsequent to her reinstatement, Lester shall have the benefit of the new laws, rules, regulations and agreements applying to air traffic controllers AT-2152.

      d.     Upon reinstatement, Lester will undergo training at NCT, while in pay status, on the new airspace and equipment at that facility.

    3.4     The parties agree that Lester was removed from duty in 2003 for failure to maintain a medical certificate, which is a non-conduct related reason for removal. DOT shall place a copy of this executed settlement agreement in Lester's EEO and Legal files. DOT will correct Lester's SF-50 relating to her removal to correctly reflect that her removal was due to her failure to maintain a medical certificate, and not unavailability for duty. DOT shall, within five business days after complete execution of the Agreement, provide Lester a copy of the corrected SF-50, along with a letter stating that the corrected SF-50 has been placed in her official personnel file.

SETTLEMENT STIPULATION & [PROPOSED] ORDER
DOCKET NO. C 04-3074 SI       3

3.5     Lester shall file a fully executed request for dismissal with prejudice of Lester v. Mineta, Case No. C-04-3074, with the U.S. District Court for the Northern District of California, within five calendar days after complete execution of the Agreement, and shall provide confirmed copies of the dismissal to DOT's counsel within ten days of filing.  Plaintiff agrees to take all further steps, and to execute any and all other documents which may be reasonable or necessary, to promptly effect dismissal of the Lawsuit in its entirety, with prejudice.

3.6     Lester agrees, on behalf of herself, and her successors, heirs, assigns, attorneys, agents, and representatives, and each of them, to immediately, unconditionally, and forever release and discharge DOT, and its assigns, agents, attorneys, employees, constituent agencies, insurers, representatives and all persons acting by, through, under or in concert with any of them (hereinafter collectively referred to as the "DOT Released Parties"), from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, administrative claims, attorney fees, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent, suspected or claimed which Plaintiff now has against the DOT Released Parties, or any of them, including, without limiting the generality of the foregoing, any claims in any way arising out of, based upon, or related to Plaintiff's employment relationship with DOT, including, but not limited to, any claims under Title VII of the Civil Rights Act of 1967; the Rehabilitation Act of 1973, the Civil Rights Act of 1866; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Equal Pay Act of 1963; or any other federal law or equitable doctrine prohibiting discrimination, harassment or retaliation which could have been alleged in any of the documents, pleadings, records or papers on file in the Lawsuit.

3.7     DOT agrees, on behalf of itself and its assigns, agents, attorneys, employees, constituent agencies, insurers, representatives and all persons acting by, through, under or in concert with any of them, to immediately, unconditionally, and forever release and discharge Lester and her successors, heirs, assigns, attorneys, agents, and representatives (hereinafter collectively referred to as the "Lester Released Parties") from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, administrative claims, attorney fees,

debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent, suspected or claimed which DOT now has against the Lester Released Parties, or any of them.

3.8     This Agreement constitutes the entire agreement between the parties hereto and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties hereto.  The parties to this Agreement acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made to them, or anyone acting on their behalf, which are not embodied in this Agreement, and that they have not executed this Agreement in reliance on any such representation, inducement, promise, agreement or warranty.  No amendment of or modification to this Agreement shall be valid unless in writing and signed by all parties to this Agreement.

3.9     Lester represents and warrants that there has been no assignment or other transfer of any interest in any of the claims released pursuant to this Agreement, and Plaintiff agrees to indemnify and hold the DOT Released Parties, or any of them, harmless from any liability, claims, demands, damages, costs, expenses and/or attorney fees incurred as a result of any person asserting any such assignment or transfer of any rights or claim under any such assignment or transfer.

3.10    Lester expressly agrees that she will not institute and/or continue any legal, administrative or equitable proceeding against any of the DOT Released Parties before any court, administrative agency, arbitrator, or any other tribunal whatsoever, by reason of any claim, liability or cause of action, whether known or unknown, arising out of or related to the claims which were, or which could have been, asserted in the Lawsuit, or are otherwise the subject of this Agreement, except as expressly provided for in this Agreement.  As part of this Agreement, Plaintiff shall dismiss or cause to be dismissed with prejudice all legal, administrative and/or equitable proceedings now pending against any of the DOT Released Parties, including but not limited to the Lawsuit.

3.11    The parties will cooperate and will promptly execute any and all documents and perform any and all acts necessary to effect this Agreement.  To the extent that there are any disputes concerning the terms of the settlement or the parties' performance of those terms, the

parties agree that the prevailing party shall be awarded all costs incurred in connection with the dispute, including attorneys' fees.

3.12   The parties shall each bear their own costs, expenses, and attorneys' fees in connection with the Lawsuit and this settlement.

3.13   The parties each acknowledge that they have been represented by counsel of their own choosing and have relied upon the advice of their counsel regarding the meaning and effect of the terms and conditions of this Agreement. The parties further acknowledge that they have read and understood the terms of this Agreement and that those terms have been explained to them by their counsel and that they execute this Agreement voluntarily and with full understanding and knowledge of its significance.

3.14   By signing this Agreement the parties warrant that they have full authority to enter into this Agreement.

3.15   This Agreement shall be binding on each of the parties and their respective heirs, estates, administrators, executors, relatives, successors, assigns, representatives, employees, partners, agents, servants, constituent agencies, insurers, and attorneys, and each of them, past, present, and future, and shall inure to the benefit of all DOT Released Parties and Lester Released Parties, and each of them, notwithstanding that all are not signatories to the original Agreement or to the same counterpart.

3.16   This Agreement shall be interpreted and construed in accordance with and all disputes hereunder shall be governed by federal law.

3.17   This Agreement may be executed in counterparts, each of which shall be made an original and when taken together with the other signed counterparts, shall constitute one Agreement and shall be binding upon and effective as to all parties as of the complete execution of the Agreement.

3.18   Both parties have drafted this Agreement, and therefore the parties waive any rule of contract construction or interpretation that interprets ambiguities in this Agreement against the drafter of this document.

3.19 If any provision of the Agreement is held to be invalid and/or unenforceable, the Agreement shall be considered as if the invalid and/or unenforceable portion did not exist, with all remaining portions considered valid and enforceable.

3.20 A failure by any party to enforce at any time, or over a period of time, any provision of this Agreement shall not be construed to be a waiver of such provision or of the right to enforce such a provision or of any other provision in this Agreement.

3.21 The captions and paragraph numbers appearing in this Agreement are inserted for the reader's convenience only and in no way limit the effect of this Agreement.

THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT AND ACCEPT AND AGREE TO THE PROVISIONS CONTAINED HEREIN AND HEREBY EXECUTE THIS AGREEMENT VOLUNTARILY AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.

Date: _5/1/07_____    ___/s/_____
                          Plaintiff Christina Lester

Date: _5/1/07_____    ___/s/_____
                          Anthony DiBernardo
                          for Defendant Department of Transportation

Approved as to form:

                          LAW OFFICES OF ROBERT E. GREELEY

Date: __5/1/07_____   _____/s/_____
                          Robert E. Greeley
                          Attorneys for Plaintiff Christina Lester

Date: ____5/1/07_____   SCOTT N. SCHOOLS
                          United States Attorney

                          ___/s/_____
                          Owen P. Martikan, AUSA
                          Attorneys for Defendant Department of Transportation

### [PROPOSED] ORDER

Pursuant to stipulation, it is so ordered.

Dated: _____
       HON. SUSAN ILLSTON
       United States District Judge

SETTLEMENT STIPULATION & [PROPOSED] ORDER
DOCKET NO. C 04-3074 SI                    7